UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL JONES, | No. 2:19-cv-0045 JAM DB PS |
| Plaintiff, | |
| v. | ORDER |
| MR. COOPER MORTGAGE, et al., | |
| Defendants. | |

Plaintiff, Nathaniel Jones, is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 5 & 13.) For the reasons stated below, defendants' motions to dismiss will be granted and plaintiff's complaint dismissed with leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on November 13, 2018, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 4.) Therein, plaintiff alleges that plaintiff purchased a home in Elk Grove, California—the subject property—in 2005 with a

////

////

mortgage through Countrywide Home Loans, ("Countrywide"). (Compl. (ECF No. 1) at 9.[1]) Countrywide was later purchased by defendant Bank of America National Association ("BANA"). (Id.) In 2006, plaintiff obtained a home equity line of credit through defendant BANA. (Id.) Thereafter, BANA sold or transferred the loan to defendant Real Time Resolutions, Inc., ("Real Time"). (Id.) Plaintiff advised defendant Real Time that a class action settlement involving defendant BANA resulted in a "WAIVING OF THE DEBT [but] they continue to hold [plaintiff] accountable." (Id.) "Shortly thereafter" defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), "began servicing the 1st mortgage[.]" (Id.)

In 2016, plaintiff was seriously injured and "was having difficulties staying current on the mortgage." (Id.) Plaintiff contacted Keep Your Home CA, ("KHYC"), "which entered into an agreement with Nationstar" to modify plaintiff's loan payments. (Id.) Thereafter, KHYC "paid Nationstar now Mr. Cooper [an] estimated $42,000 from May 2016 thru Oct. 2017." (Id.) From October of 2017, through January of 2018, Mr. Cooper Mortgage, ("Cooper"), sent Plaintiff's "mail to another address[.]" (Id.)

In late January of 2018, plaintiff "received a notice of default" and realized that plaintiff was "behind in payment." (Id.) Plaintiff contacted a representative for Cooper with respect to the misdirected mail. (Id.) Plaintiff was informed that the mail had been sent to "Fst Sac Ca." (Id.) Moreover, Cooper "needed a written verification to eliminate mail to various other addresses[.]" (Id.) Plaintiff was also informed that plaintiff needed to "wait until the lawyers contact[ed]" plaintiff before negotiating a modification. (Id.) Plaintiff "sent several payments but could not overcome the overwhelming 2 payment per month cause[d] by Mr. Cooper['s] negligence." (Id.)

Based on these allegations, the complaint asserts state law causes of action for breach of contract, negligence, violation of California Business & Professions Code § 17200, and numerous alleged violations of California Civil Code sections. (Id. at 4.) On January 4, 2019, defendant Real Time removed the matter to this court pursuant to diversity jurisdiction. (Id. at 1.) On January 11, 2019, defendant Real Time filed a motion to dismiss. (ECF No. 5.) Plaintiff filed an

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

opposition on February 27, 2019. (ECF No. 8.) Defendant's motion to dismiss was taken under submission on March 18, 2019. (ECF No. 9.)

On April 12, 2019, defendant Nationstar and defendant Deutsche Bank National Trust Company, ("Deutsche Bank"), appeared and filed a motion to dismiss. (ECF No. 13.) Plaintiff filed an opposition on May 30, 2019. (ECF No. 19.) Defendants filed a reply on June 7, 2019. (ECF No. 20.) Defendants' motion to dismiss was taken under submission that same day. (ECF No. 21.)

**STANDARDS**

**I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ANALYSIS**

At the outset, it must be acknowledged that plaintiff's complaint is quite difficult to read. Many of the allegations are vague and conclusory. Pages appear to be out of order. Claims are misnumbered. And the complaint appears to contain contradictory allegations. Defendants Nationstar and Deutsche Bank contend this is because much of plaintiff's complaint was copied from a prior complaint filed in a 2015 state court action. (Defs.' MTD (ECF No. 13) at 12, 15.)

Nonetheless, the undersigned has attempted to carefully analyze plaintiff's complaint to determine if it states a claim upon which relief can be granted. After reviewing the parties' briefing, the undersigned finds that defendants' motions to dismiss should be granted as to each of the complaint's claims as explained below.

**I.    Breach of Contract**

"[T]he elements of a cause of action for breach of contract are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (Cal. 2011). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect." McKell v. Washington Mut., Inc., 142 Cal. App. 4th 1457,

1489 (2006). "In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." Id. (internal quotation marks and citation omitted).

Here, a copy of a contract between plaintiff and defendants is not attached to the complaint. While a Benefit Award Letter and Deed of Trust are attached to the complaint, those documents concern plaintiff and the "Keep Your Home California Program," not the defendants. (Compl. (ECF No. 1) at 24-27.)

With respect to pleading, the complaint alleges that defendants Deutsche Bank, BANA, and Nationstar entered into a written contract with KYHCA to "modify the subject mortgage[.]" (Compl. (ECF No. 1) at 10.) Plaintiff "attempted to fully perform the promise . . . but was told no reinstatement or further offer threw (sic) any program[.]" (Id.)

The complaint, however, fails to allege with any specificity the terms of the alleged contract or how a defendant breached any term. Moreover, the complaint acknowledges that after "KYHC entered into a[n] agreement with Nationstar wherein Nationstar would modify [the] loan" plaintiff later "became aware of being [] behind in payments." (Id. at 9.) In this regard, it appears that after the loan was in fact modified, plaintiff failed to make timely payments.

Accordingly, the undersigned finds that defendants' motions to dismiss must be granted as to this claim.

## II. California Civil Code §§ 2923.6, 2924.11

The complaint's second cause of action attempts to assert a claim pursuant to California Civil Code §§ 2923.6(c) and (g.) (Compl. (ECF No. 1) at 10.) Prior to January 1, 2018, § 2923.6(c) provided, in relevant part:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

And § 2923.6(g) provided:

> In order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay, the mortgage servicer shall not be obligated to evaluate applications

5

> from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . , unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

In short, these provisions provided that "when a borrower's complete application for a first lien loan modification is pending, the servicer may not record a notice of default, notice of trustee's sale, or conduct a trustee's sale." Harris v. United States, CASE NO. 18CV0001 GPC (AGS), 2018 WL 1410819, at *2 (S.D. Cal. Mar. 21, 2018).

However, to allege a violation of these provisions the complaint must allege facts in support and not simply provide "summary allegations." (Id.) Here, the complaint fails to allege any facts in support of these claims. Moreover, §§ 2923.6(c) and 2923.6(g) were repealed on January 1, 2018, and re-numbered as California Civil Code § 2924.11. Id. § 2924.11 provides:

> (a) If a foreclosure prevention alternative is approved in writing prior to the recordation of a notice of default, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default under either of the following circumstances:
>
> (1) The borrower is in compliance with the terms of a written trial or permanent loan modification, forbearance, or repayment plan.
>
> (2) A foreclosure prevention alternative has been approved in writing by all parties, including, for example, the first lien investor, junior lienholder, and mortgage insurer, as applicable, and proof of funds or financing has been provided to the servicer.

Here, the complaint's third claim is brought pursuant to § 2924.11(f). (Compl. (ECF No. 1) at 11.) § 2924.11(f) provides that:

> The mortgage servicer shall not collect any late fees for periods during which a complete first lien loan modification application is under consideration or a denial is being appealed, the borrower is making timely modification payments, or a foreclosure prevention alternative is being evaluated or exercised.

However, "[a] complaint alleging a violation of § 2924.11(f) requires that the plaintiff plausibly allege that her application was complete. The completeness of an application is a legal determination, and a plaintiff must make more than a mere allegation that her application was

6

'complete.'" Smith v. Ditech Financial LLC, Case No. EDCV 18-1411 JGB (SHKx), 2018 WL 6431405, at *5 (C.D. Cal. Nov. 5, 2018). Here, the complaint merely alleges that plaintiff "submitted a loan modification application" without any further elaboration. (Compl. (ECF No. 1) at 11.)

Accordingly, these claims must be dismissed.

### III. California Civil Code § 2924.17

The complaint's fourth cause of action alleges that the defendants violated California Civil Code § 2924.17 by "foreclosing under the subject Deed of Trust and . . . fil[ing] false declaration claiming that pre-notice outreach was done although they have not contacted the borrower and are not authorized to initiate foreclosure proceedings." (Compl. (ECF No. 1) at 11.) Accordingly, plaintiff seeks damages "in an amount to be shown at trial." (Id. at 12.)

However, "because Plaintiff's [complaint] does not allege that the property has been sold, Plaintiff may seek only 'injunctive relief to enjoin' Defendants' alleged material violations of § 2924.17." Cardenas v. Caliber Home Loans, Inc., 281 F.Supp.3d 862, 869 (N.D. Cal. 2017) (quoting Cal. Civ. Code § 2924.12(a)(1)). Moreover, the complaint fails to plead any facts to identify precisely how a defendant violated §2924.17.

Accordingly, this claim must also be dismissed.

### IV. California Civil Code § 2923.7

California Civil Code § 2923.17(a) provides that "[w]hen a borrower requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." The complaint's fifth cause of action alleges that plaintiff "has requested assistance" from defendants but "has not been appointed a single point of contact and is required to speak to multiple different associates before being assisted." (Compl. (ECF No. 1) at 12.)

However, § 2923.7 "imposes duties only on the loan servicer." Rockridge Trust v. Wells Fargo, N.A., 985 F.Supp.2d 1110, 1152 (N.D. Cal. 2013). The complaint alleges that only defendant Nationstar is the current loan servicer. (Compl. (ECF No. 1) at 5.) Moreover, the complaint does not specifically allege that plaintiff requested a single point contact or a

foreclosure prevention alternative. See Galvez v. Wells Fargo Bank, N.A., Case No. 17-cv-6003 JSC, 2018 WL 2761917, at *7 (N.D. Cal. June 7, 2018) ("Federal district courts are divided as to whether a borrower must specifically request a single point of contact or whether the statute is triggered by a request for a foreclosure prevention alternative."). Instead, the complaint simply alleges that plaintiff "requested assistance." (Compl. (ECF No. 1) at 12.)

Accordingly, this claim must be dismissed.

**V.    California Civil Code § 2923.55**

The complaint alleges that "§ 2923.55 requires a servicer to reach out to borrowers to explore loss mitigation options at least (30) days before a [Notice of Default] is recorded." (Compl. (ECF No. 1) at 12.) Here, a Notice of Default was allegedly recorded on June 26, 2018, despite the fact that plaintiff "was not contacted to discuss mitigation options prior to its recordings." (Id. at 7, 12.) "§ 2923.55 requires that before recording a notice of default, a loan servicer must either (1) notify the borrower; or (2) diligently attempt to do so." Way v. JP Morgan Chase Bank, N.A., No. 2:16-cv-2244 TLN KJN, 2018 WL 2117630, at *6 (E.D. Cal. May 8, 2018).

However, attached to the complaint is a May 24, 2018 Annual Escrow Account Disclosure Statement from Mr. Cooper, stating that plaintiff's account had a "$806.01" shortage, and providing plaintiff two payment options. (Id. at 33.) And it appears from the allegations of the complaint that plaintiff made "multi calls" to Mr. Cooper to discuss a loan modification prior to the recording of the Notice of Default. (Id. at 6.) In this regard, the factual allegations surrounding this claim are entirely unclear.

Accordingly, this claim must be dismissed.

**VII.   California Civil Code § 2924.9(a)**

The complaint next asserts that defendants violated § 2924.9(a) by failing to mail plaintiff a letter containing "options regarding loss mitigation" prior to recording the Notice of Default. (Compl. (ECF No. 1) at 13.) § 2924.9(a) provides that "'[u]nless a borrower has previously exhausted the first lien loan modification process' a mortgage servicer shall send a written communication to the borrower within five days of recording a notice of default." Foote v. Wells

Fargo Bank, N.A., Case No. 15-cv-4465 EMC, 2016 WL 2851627, at *6 (N.D. Cal. May 16, 2016) (quoting Cal. Civ. Code § 2924.9(a)).

Plaintiff's complaint, however, alleges that plaintiff previously completed a loan modification with defendant Nationstar. (Compl. (ECF No. 1) at 6.) In this regard, it appears from the allegations of the complaint that plaintiff exhausted the first lien loan modification process, thereby exempting defendants from complying with § 2924.9(a). See generally Foote v. Wells Fargo Bank, N.A., Case No. 15-cv-4465 EMC, 2016 WL 2851627, at *6 (N.D. Cal. May 16, 2016) (finding "no material violation of § 2924.9" where the plaintiff previously "submitted at least two loan modification applications").

Accordingly, this claim must be dismissed.

### VIII. California Civil Code § 2924.11(g)

California Civil Code §2924.11(g) provides:

> If a borrower has been approved in writing for a first lien loan modification or other foreclosure prevention alternative, and the servicing of that borrower's loan is transferred or sold to another mortgage servicer, the subsequent mortgage servicer shall continue to honor any previously approved first lien loan modification or other foreclosure prevention alternative, in accordance with the provisions of the act that added this section.

The complaint asserts that plaintiff's "previous modification with BANA was not honored by the defendants." (Compl. (ECF No. 1) at 13.)

This assertion, however, conflicts with the complaint's allegation that plaintiff, with the help of "KYHC entered into an agreement with Nationstar wherein Nationstar would modify [plaintiff's] loan," and that in January of 2018 plaintiff "became aware of being in behind[.]" (Id. at 9.)

Accordingly, given the lack of specific factual allegations in support, this claim must also be dismissed.

### IX. California Business & Professions Code § 17200, *et seq*.

California's Unfair Competition Law prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. § 17200 incorporates other laws and treats a violation of those laws as an unlawful business practice independently actionable under

California state law. Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). "In order to state a claim for a violation of [§ 17200], a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." Levine v. Blue Shield of California, 189 Cal.App.4th 1117, 1136 (2010). Moreover, "[t]o state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of some other law." Welenco, Inc. v. Corbell, 126 F.Supp.3d 1154, 1178 (E.D. Cal. 2015); see also Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1190 (N.D. Cal. 2009) ("[S]ince the court has dismissed all of Plaintiff's predicate violations, Plaintiff cannot state a claim under the unlawful business practices prong of the UCL.").

Here, the other causes of action asserted in the complaint fail to state a claim upon which relief can be granted. Accordingly, the complaint's § 17200 claim also fails to state a claim upon which relief can be granted. Moreover, the complaint alleges that the defendants violated § 17200 by failing to give plaintiff "the modification he was promised," despite the fact that elsewhere the complaint acknowledges that plaintiff received a loan modification. (Compl. (ECF No. 1) at 9, 15.)

Accordingly, this claim must also be dismissed.

**X.  Negligence**

"The elements of a negligence cause of action are: (1) the existence of a duty to exercise due care; (2) breach of that duty; (3) causation; and (4) damages." Dougherty v. Bank of America, N.A., 177 F.Supp.3d 1230, 1249 (E.D. Cal. 2016) (citing Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (Cal. 2001). Here, the complaint fails to allege the elements of a negligence claim. Instead, the complaint simply asserts that the defendants "owed Plaintiff a general duty of care" and "a statutory duty of care," without further explanation. (Compl. (ECF No. 1) at 15.)

The complaint also alleges that the defendants "negligently made false representations when they promised a permanent loan modification" but later sent plaintiff's "mail to [the] wrong address." (Id.) The complaint, however, fails to articulate how sending mail to the wrong address is negligent.

Accordingly, this claim must also be dismissed.

**XI.     Claims 11, 12, 13**

Plaintiff's complaint states the following:

> **COMPLAINT 11, 12, 13**
>
> Defendants willfully violated
> California Civic (sic) Code 2923.5(a)(2)
> California Civic (sic) Code 2935.5(e)
> California Civic (sic) Code 2920.5(c)
> California Civic (sic) Code 2924.15

(Compl. (ECF No. 1) at 16.)  However, there are no factual, or even conclusory, allegations asserted in support of vague assertions.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

Accordingly, these claims must also be dismissed.

## LEAVE TO AMEND

For the reasons stated above, defendants' motions to dismiss must be granted and plaintiff's complaint must be dismissed.  The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988); <u>see</u> also <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

Here, given the vague and conclusory nature of the complaint's allegations, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an amended complaint.

Plaintiff is cautioned, however, that if plaintiff elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings. The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged. Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Real Time Resolutions, Inc.'s January 11, 2019 motion to dismiss (ECF No. 5) is granted;

2. Defendants Nationstar Mortgage LLC and Deutsche Bank National Trust Company's April 12, 2019 motion to dismiss (ECF No. 13) is granted;

3. The complaint filed on November 13, 2018 (ECF No. 1) is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2] The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint"; and

5. Plaintiff is cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated: June 14, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/jones0045.mtd.ord

---

[2] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

13