UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHANIEL JONES,

    Plaintiff,

    v.

MR. COOPER MORTGAGE, et al.,

    Defendants.

No. 2:19-cv-0045 JAM DB PS

FINDINGS AND RECOMMENDATIONS

Plaintiff, Nathaniel Jones, is proceeding pro se in this action. Therefore, the matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are defendants' motions to dismiss the amended complaint pursuant to Rule 12(b)(6) and Rule 12(e) of the Federal Rules of Civil Procedure. (ECF Nos. 25 & 26.) For the reasons stated below, the undersigned will recommend that defendants' motions to dismiss be granted and that plaintiff's amended complaint be dismissed without leave to amend.

## BACKGROUND

Plaintiff, proceeding pro se, commenced this action on November 13, 2018, by filing a complaint in the Sacramento County Superior Court. (ECF No. 1 at 4.[1]) The original complaint asserted state law causes of action for breach of contract, negligence, violation of California

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Business & Professions Code § 17200, and numerous alleged violations of California Civil Code sections. (Id.) On January 4, 2019, defendant Real Time Resolutions, Inc. ("Real Time") removed the matter to this court pursuant to diversity jurisdiction. (Id. at 1.)

On June 17, 2019, the undersigned issued an order dismissing the original complaint with leave to amend. (ECF No. 22.) Plaintiff filed an amended complaint on July 6, 2019. (ECF No. 23.) Therein, plaintiff alleges as follows. Plaintiff purchased a home in Elk Grove, California—the subject property—in 2005 with a mortgage through Countrywide LLC, ("Countrywide"). (Am. Compl. (ECF No. 23) at 4.) On February 23, 2006, plaintiff "entered into an agreement" with Countrywide for a home equity line of credit ("HELOC"). (Id.) Plaintiff, however, "never received a call, check, or credit card or access," and "never spent one cent of the line of credit, but was charged a premium." (Id.)

In 2009, Bank of America, N.A. ("BANA") acquired Countrywide. (Id. at 5.) In February of 2009, plaintiff spoke with BANA "loan officer Mr. Long . . . to discuss the disputed HELOC." (Id.) BANA later informed plaintiff that they "couldn't find any expenditures" and would issue plaintiff a "forgiveness letter" and "will report to all three credit agenc[ies] debt cleared with 0 balance paid in full." (Id.) BANA "did as they said with the exception of the letter." (Id.) Thereafter, BANA offered plaintiff "to modify Plaintiff['s] loan." (Id.)

On November 13, 2013, "NOW COMES" defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar"), BANA, and Deutsche Bank ("DB"), "as servicer[.]" (Id.) In this transition, BANA "misplaced" plaintiff's third payment under the terms of the loan modification "and terminated the mod." (Id.) Plaintiff "sued" in 2015 "and settled with a principal reduction of 180,000.00 divided over three years[.]" (Id.) "All litigation ceased [and] Plaintiff released his attorney 1-2017." (Id.) Defendant Nationstar issued plaintiff the final cancellation in April of 2018, "after Plaintiff had filed with IRS . . . this act cause Plaintiff to loss (sic) financially." (Id. at 5-6.)

On May 24, 2015, plaintiff entered into an "agreement" with Keep Your Home CA, ("KHYC"). (Id. at 6.) Thereafter, KHYC disbursed "funds to Nationstar/Deutsche Bank upon receipt of monthly statement[.]" (Id.) "During this period Nationstar changes its name

2

unknowingly to Plaintiff due to Mr. Cooper failure to notify plaintiff . . . in violation of 12 USC 2601(a)[.]" (Id.) From November of 2017, through January of 2018, Mr. Cooper Mortgage, ("Mr. Cooper"), sent plaintiff's monthly statement to an "unauthorized address[.]" (Id.)

In late January of 2018, plaintiff "received a notice of default[.]" (Id.) At the "end of Jan. 2018" plaintiff was informed that "Mr. Cooper force placed insurance without contacting Plaintiff." (Id. at 7.) Plaintiff contacted a representative for Mr. Cooper "by phone on or about Feb. 2 2018 to discuss the default." (Id.)

Plaintiff spoke with a "Mr. Lake" who "stated Plaintiff was 3 months behind and didn't know why Plaintiff mail went to a unauthorized address[.]" (Id.) Plaintiff was told to submit a payment in the amount of $6,529.56. (Id.) "Plaintiff agreed and told Mr. Lake [plaintiff] would send those payments immediately[.]" (Id.) On February 26, 2018, plaintiff sent a payment in the amount of $2,715 "which made Plaintiff current[.]" (Id.)

"Nevertheless Plaintiff received another default notice at end of Feb. 2018." (Id.) On March 1, 2018, plaintiff spoke with "Specialist Mansfield," a representative of Mr. Cooper. (Id.) Plaintiff again requested "copies of missing monthly statements," which plaintiff has never received. (Id.) Plaintiff was informed that plaintiff "was still in default according to Feb. letter and that's why the ins. was placed on the property." (Id.) Plaintiff received a monthly statement on March 23, 2018, which informed plaintiff "your loan exceeds 90 days past due," and that plaintiff was "no longer eligible to receive KYHC modifications or Pay for performance incentive[.]" (Id.)

Based on these allegations, the amended complaint asserts several new causes of action including violation of California's Rosenthal Fair Debt Collections Practices Act, California Business and Professions Code § 17200, *et. seq.*, the Fair Debt Collections Practices Act ("FDCPA"), the Americans with Disabilities Act ("ADA"), California's Unruh Civil Rights Act, California's Consumers Legal Remedies Act, breach of the implied covenant of good faith, negligent misrepresentation, and conspiracy. (Am. Compl. (ECF No. 23) at 1.) On July 24, 2019, defendant Real Time filed a motion to dismiss the amended complaint. (ECF No. 25.) On July 29, 2019, defendants Nationstar and DB also filed a motion to dismiss. (ECF No. 26.)

Plaintiff filed oppositions on August 16, 2019. (ECF Nos. 27 & 28.) Defendants filed replies on August 23, 2019. (ECF Nos. 29 & 30.) Defendants' motions to dismiss were taken under submission on August 26, 2019. (ECF No. 31.)

**STANDARDS**

**I.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

**II.    Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

"Motions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" Nguyen v. CTS Electronics Manufacturing Solutions Inc., 301 F.R.D. 337, 340 (N.D. Cal. 2014) (quoting E.E.O.C. v. Alia Corp., 842 F.Supp.2d 1243, 1250 (E.D. Cal. 2012)). A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been

alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

## ANALYSIS

Review of plaintiff's amended complaint finds that it should be dismissed for failure to state a claim. The undersigned's order issued June 17, 2019, advised plaintiff that although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. Here, the amended complaint fails to meet these standards.

Instead, the amended complaint identifies four defendants and references dates spanning April of 2005 to December of 2018. (Am. Compl. (ECF No. 23) at 4, 10.) The amended complaint begins by alleging as follows:

> Plaintiff is ignorant of true names and capacities of all Def's sued. Def's are contractually, strictly, negligently, intentionally, fraudulently, vicariously liable and or otherwise legally responsible in some manner for each and every act, omission, obligations, event or happening set forth in this Amend Complaint, and that each of said fictitiously name Def's is indebted to Plaintiff as hereinafter alleged. The use of the term "Def's" in any of the allegations in the complaint, unless specially otherwise set forth, it intended to include and charge all jointly and severely, not only named Def's, but all who [are] silent.
>
> Plaintiff is informed and believes and thereon alleges that, at all times mentioned herein Def's were agents, servants, employee's, alter egos, supervisors, dedicated specialist, successors, in the interest,

////

>joint venture and/or co-def's, conspirators with permission and consent of their co Def's[.]

(Id. at 2-3.)

None of the amended complaint's nine asserted causes of action identifies specifically which defendant or defendants the cause of action is asserted against. Nor do the causes of action state the elements of the claim with factual allegations offered in support. Moreover, in alleging the specific causes of action the amended complaint frequently uses the vague and ambiguous "Def.'s" instead of referring to a specific defendant or defendants. (Id. at 12-17.)

The amended complaint ends by concluding:

>Plaintiff is a victim of predatory lending business practices, ID theft, by employees of said entities for 14 years and has suffered . . . at hands of all defendants aiding, assisting each other contractional, strictly, negligently, intentionally, fraudulently, vicariously liable and otherwise legally responsible in some manner for each and every acts, omissions, obligations, events, or happenings, set forth in this Amend Complaint herein.

(Id. at 17.)

Moreover, it is entirely unclear from the amended complaint's vague and conclusory factual allegations that the moving defendants engaged in any wrongful conduct. In this regard, the amended complaint alleges that defendant Nationstar/Mr. Cooper failed to send plaintiff monthly statements from November of 2017, to January of 2018, and that defendant "had no right or authority or responsibility to send mortgage statements to anyone other than Plaintiff[.]" (Id. at 6.)

However, the amended complaint also alleges that plaintiff "sued BOA 2015," and that "litigation ceased" in January of 2017. (Id. at 5.) Attached to plaintiff's original complaint is a February 1, 2018 letter from plaintiff's former attorney asking defendant Nationstar/Mr. Cooper to "cancel our prior designation and communicate with the borrower[] directly[.]"[2] (ECF No. 1 at

---

[2] The court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of

7

29.) Also attached is a January 31, 2018 letter from this same attorney to defendant asking them to "not send any further mortgage statements . . . on behalf" of plaintiff. (Id. at 30.) And attached to the amended complaint is a January 29, 2018 IRS "Cancellation of Debt" form reflecting that on May 5, 2017, defendant Nationstar/Mr. Cooper discharged $61,423.00 of plaintiff's debt. (Am. Compl. (ECF No. 23) at 29.) The letter was sent to plaintiff "C/O" plaintiff's former attorney. (Id.) In this regard, it appears defendant could not directly communicate with plaintiff during the time period alleged and was instead communicating with plaintiff's attorney.

The amended complaint also alleges that after plaintiff learned that "Plaintiff was 3 months behind" and owed $6,529.56, "Plaintiff agreed [to] send those payments immediately[.]" (Id. at 7.) But plaintiff did not send those payments. Instead, the amended complaint alleges plaintiff sent only $2,175. (Id.) Thus, plaintiff was not "current." (Id.) To the contrary, attached to the amended complaint is a February 19, 2019 Informational Statement from defendant Mr. Cooper to plaintiff reflecting that plaintiff owes $31,347.60 in unpaid monthly payments. (Id. at 46.)

With respect to defendant Real Time, the amended complaint's allegations are equally, if not more, confusing. The amended complaint alleges defendant "RTR alleges that they are a debt collector and are 2nd lien holders and collectors on said property." (Id. at 10.) After filing the complaint in this action, plaintiff was contacted by Real Time's "In House Attorney . . . to discuss a settlement[.]" (Id.) During this call plaintiff "shared information regarding BOA forgiveness of debt" and Real Time's attorney "said he would get back to" plaintiff. (Id.)

In a subsequent phone call "regarding settlement" plaintiff "asked who was the stake holders RTR was representing in this 2nd lien" and Real Time's attorney "replied BOA" leaving plaintiff "stunned and outraged[.]" (Id.) The amended complaint alleges "BOA made a promise to forgive the 2nd lien . . . but hired or created RTR to service the loan[.]" (Id.) Even assuming,
////

---

court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F.Supp.2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases).

*arguendo*, these allegations are true it is entirely unclear what plaintiff is alleging defendant Real Time did wrong.

**LEAVE TO AMEND**

For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff could further amend the complaint to state a claim upon which relief could be granted. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

In light of the deficiencies noted above, and plaintiff's prior inability to successfully amend the complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend. Therefore, the undersigned will recommend that plaintiff not be granted further leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Real Time Resolution, Inc.'s July 24, 2019 motion to dismiss (ECF No. 25) be granted;

2. Defendants Nationstar Mortgage LLC and Deutsche Bank National Trust Company's July 29, 2019 motion to dismiss (ECF No. 26) be granted;

3. The amended complaint be dismissed without further leave to amend[3]; and

3. This action be closed.

---

[3] Although the amended complaint names an additional defendant who has not appeared, where appropriate the court may sua sponte dismiss an action with prejudice in favor of a party that has not appeared where that party is in a similar position to the moving defendant. See Abagninin v. AMVAC Chem. Corp., 545 F.3d 733, 742-43 (9th Cir. 2008) (upholding dismissal in favor of a party which had not appeared, on the basis of facts presented by other defendants which had moved to dismiss) (citations omitted); Omar v. Sea-Land Serv., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within fourteen days after service of the objections.  The parties are
7  advised that failure to file objections within the specified time may waive the right to appeal the
8  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  Dated:  February 21, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/jones0045.mtd.f&rs